UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. MARSH,<br><br>    Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br>    Defendants. | Civil No. 05cv1568-WQH (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER;**<br><br>[Doc. No. 74]<br><br>**PROTECTIVE ORDER** |

    Plaintiff Kenneth L. Marsh and Defendants County of San Diego, Dr. Roger A. Williams, M.L. Murphy, Children's Hospital Health Center, and Dr. David. L. Chadwick (collectively, the "Parties") have submitted a Joint Motion for Protective Order (the "Joint Motion"). After a review of the papers submitted, and with certain limitations added by the Court to Paragraph 12, the Court **GRANTS** the Parties' Joint Motion in substantial part and enters the following Protective Order:

    1.    <u>Scope of Order</u>.

    This Order governs any information, document or thing that contains "Confidential Information," defined as "(i) sensitive, confidential financial information that is protected by the financial right of privacy; and (ii) other nonpublic, confidential information," and that is disclosed by any party to any other person or entity in connection with this action.

    2.    <u>Designation of Confidential Information</u>.

        (a)    Any document or thing disclosed in this action that is reasonably believed by a producing party to be Confidential Information shall be designated as "Confidential" by marking the

1  document or thing "CONFIDENTIAL INFORMATION" prior to production and shall separately notify
2  the requesting party in writing, which shall have the effect of designating that information as governed
3  by the Protective Order.
4        (b)    A party who invokes the Protective Order with respect to any testimony or
5  evidence produced at a deposition shall so state on the record during any such deposition.  Each page of
6  any deposition transcript or exhibit designated as Confidential Information shall be marked by the court
7  reporter as follows:  "CONFIDENTIAL INFORMATION."
8      3.    <u>Limited Disclosure of Confidential Information</u>.
9  Confidential Information disclosed during discovery may be shared by any receiving party with
10  the following persons only:
11        (a)    The Parties to this action;
12        (b)    Witnesses in this action and their legal representatives;
13        (c)    The Attorneys of Record in this matter, including necessary clerical and support
14  staff employed by the Attorneys of Record;
15        (d)    Experts and consultants retained in this action and their representatives who assist
16  them in providing services in this action;
17        (e)    Any personnel of the United States District Court for the Southern District of
18  California, their staff and any jurors before whom the case is tried;
19        (f)    Any certified shorthand reporters or stenographers retained to create a formal
20  record of any proceeding and/or deposition in this lawsuit; and
21        (g)    Such other persons as may be designated by written agreement of the Parties or
22  by Court Order.
23      4.    <u>Use of Confidential Information</u>.
24  Confidential Information shall be used solely for purposes of litigating or resolving this lawsuit
25  among the Parties.  Confidential Information shall not be used by any party or person for any other
26  purpose, including, but not limited to the making of any public statements concerning this litigation.
27      5.    <u>Submitting Confidential Information to the Court</u>.
28  Any Confidential Information filed with the Court (for purposes of motion litigation or

otherwise) shall be submitted in a sealed envelope bearing the caption of this action, an indication of the nature of the contents of the sealed envelope, the words "Confidential Information," and a statement substantially in the following form:

This envelope has been sealed pursuant to Order of the Court.  It contains Confidential Information and is not to be opened, nor are its contents to be examined, except by authorized Court personnel.

      6.      <u>Challenge of Designation</u>.

Any party who disagrees with another party's designation of information as Confidential Information shall so notify, in writing, the party making the designation within sixty (60) days of receipt of such information from a party.  Counsel for the Parties shall first meet and confer to resolve any such disagreement prior to the objecting party resorting to motion practice regarding the designation.  Until such time as the Court rules on the challenge to designation, the objecting party shall abide by the terms of this Order.

      7.      <u>Return of Confidential Information</u>.

(a)      Within sixty (60) days after final termination of this lawsuit, each party shall assemble all documents and things furnished and designated by the other party as Confidential Information and shall: (i) return any original documents and things to the producing party; and (ii) either destroy the remaining documents or return them to the producing party, such election to be made by the producing party.  The Attorneys of Record for each party shall be entitled to retain all pleadings, motion papers, and written discovery responses, but not the documents and things accompanying such responses, and not any legal memoranda, or work product that may have been disclosed under the authority or protection of the Protective Order.

(b)      All other persons in possession of Confidential Information, including consultants and expert witnesses, shall return all Confidential Information to the attorney who furnished it to them.

(c)      Subject to this Order, Confidential Information may be disclosed to individuals referred to in paragraphs 3 (c), (d) and (f) in any legal proceedings arising out of this action or brought to enforce a judgment entered in this case.

/ / /

8. <u>Use at Trial</u>.

Nothing in this Order limits the admissibility of any document, testimony or evidence at trial, subject to the right of any party to assert and preserve the information as confidential.

9. <u>Third-Party Discovery</u>.

Nothing in this Order restricts the use of information obtained from any third-party not bound by this Order, subject to the rights of any party to assert the right of and preserve the nature of such information as confidential. Third parties requested to produce information in this litigation may also request that information they are producing be treated as Confidential Information under this agreement. The party propounding any discovery request which causes a third party to seek designation of information as Confidential Information shall within 10 business days of its receipt of such a request by a third party communicate the third party's request to treat the information as Confidential Information. Any request by any third party to designate information as Confidential Information shall be treated as if it was made by a party to this Order.

10. <u>Terms</u>.

The terms of this Order shall survive the final termination of this litigation to the extent that any Confidential Information is not or does not become known to the public other than by an act or omission in violation of this Order. Nothing in this Order is intended to prevent or restrict any party from using or disclosing its own Confidential Information in any way.

11. <u>Public Knowledge</u>.

A determination that information is public knowledge shall not be made unilaterally by any party, but by the Court pursuant to a challenge to the propriety of a Confidential Information designation.

12. <u>Limitations</u>.

Nothing herein shall be construed as an agreement or admission that any information designated as Confidential Information is in fact confidential, private, a trade secret, entitled to protection, competent, relevant, material or likely to lead to the discovery of admissible evidence.

Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on grounds of privilege, relevance, materiality, etc.,

and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material at trial or any other evidentiary proceeding.

Nothing in this Order shall limit the rights of the Parties to agree to production of copies of Confidential Information in lieu of original documents.

This Order may be amended by the agreement of counsel for the Parties, subject to approval of the Court, provided it is in the form of a joint motion that shall be filed with the Court and made part of the record in this civil action.

This Order shall be without prejudice to the right of any party to apply: (a) to the Court for such further protective order under the provisions of the Court rules as justice may require; or (b) to seek to modify this Order to allow disclosure of information to, among others, parties and third parties.

**Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.**

**If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.**

**The Court may modify the protective order in the interests of justice or for  public policy reasons**.

13. Effective Date.

This Order shall be effective as of the date of the filing of the Joint Motion.

**IT IS SO ORDERED**.

DATED:  December 28, 2006

Hon. Nita L. Stormes
U.S. Magistrate Judge