cal__ers

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH M. MARSH, | Civil No. 05cv1568 WQH(AJB) |
| Plaintiff, | |
| v. | Order Granting Motion to Compel [Doc. No. 83] |
| COUNTY OF SAN DIEGO, M.L. MURPHY, M.D., DAVID L. CHADWICK, M.D., ROGER WILLIAMS, M.D., CHILDREN'S HOSPITAL MEDICAL CENTER and DOES 1 to 100, inclusive, | |
| Defendants. | |

Plaintiff brings this motion to compel seeking all records in the possession of Children's Hospital and Health Center ("CHHC") and its Center for Child Protection, which pertain to Travis Phinney. Plaintiff's request to CHHC for Travis Phinney's medical records was accompanied by a medical records authorization from Travis Phinney's mother. Defendants' contend that Plaintiff is not entitled to the requested discovery because the requested records have no bearing on the instant case and are not reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26(b)(1) of the Federal Rules. The parties submitted letter briefs and the hearing was set for April 6, 2007 at 1:30 p.m. before Judge Battaglia was vacated as this motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). Based upon the moving papers and for the reasons set forth herein, Plaintiff's Motion to Compel is hereby GRANTED.

## *Background*

The instant action was brought by Plaintiff for violation of his Civil Rights under 42 U.S.C. § 1983 alleging violations of Plaintiff's fourth amendment rights, malicious prosecution under both § 1983 and state law, intentional infliction of emotional distress and violation of state civil rights statutes. Plaintiff was convicted of the murder of Phillip Buell. The complaint in the instant action alleges a conspiracy between Defendants to mislead and distort the medical history of Phillip Buell, to perform his autopsy in a false and deliberate manner to convict Plaintiff. Plaintiff's complaint also alleges that the Defendants improperly influenced the County of San Diego to allow them to perform autopsies and autopsy related services in cases where children's deaths were suspected of having been caused by abuse.

Plaintiff brings this motion to compel seeking all records in the possession of Children's Hospital and Health Center ("CHHC") and its Center for Child Protection, which pertain to Travis Phinney, who was admitted to the hospital in September 1984 and died there on October 9, 1984. His autopsy at CHHC resulted in a false accusation of murder against his mother, Carol Phinney. Plaintiff's request to CHHC for Travis Phinney's medical records was accompanied by a medical records authorization from Travis Phinney's mother. Defendant, CHHC argues that Plaintiff is not legally entitled to discovery of documents from an unrelated case involving the death of the child named Travis Phinney, who was deceased after Phillip Buell.

## *Legal Standard*

### *I. Rule 37 - Motion to Compel*

Federal Rule of Civil Procedure 26(b)(1)[1] states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . .Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their

---

[1] All future references will be to the Federal Rules of Civil Procedure unless otherwise stated.

dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *U.S. ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388, 392 (C.D. Cal 2002)(internal citations omitted).

Federal Rule 37(a)(2)(B), allows the discovering party to move for an order compelling an answer, a designation, or an inspection in accordance with a specific discovery request. Fed. R. Civ. Pro. 37(a)(2)(B). This rule establishes "a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties." *B.F. Goodrich Tire Co. v. Lyster*, 328 F. 2d 411, 415 (5th Cir. 1954). Answers that are evasive or incomplete are treated as a failure to disclose. Fed. R. Civ. Pro. 37(a)(3).

## *Discussion*

At issue in this motion is the relevance and the degree to which the records are likely to lead to the discovery of admissible evidence. Defendants' contend that Plaintiff's motion to compel should be denied because the requested documents: 1) are not reasonably calculated to lead to the discovery of admissible evidence; 2) improperly seek propensity evidence, which is not supported by the complaint; 3) would be inadmissible under Federal Rule of Evidence Rule 403 and would result in extraordinary expense and burden. Alternatively, the Plaintiff argues that the requested discovery is 1) relevant; 2) admissible under Federal Rule of Evidence Rule 404(b); 3) required under Monell to establish that a policy, practice or procedure of the municipality was the driving force behind the deprivation of Plaintiff's constitutional rights.

### *I. Relevancy Under Rule 26 and Admissibility Under Rule 403*

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold relevance requirement that information sought to be discovered must appear "reasonably calculated to lead to the discovery of admissible evidence."[2]

---

[2] Rule 26(b) provides in pertinent part:
  Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(c) then confers broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of 26(b), and these powers have always been freely exercised.[3]

Rule 403 provides for the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Defendants argue that the requested discovery has no bearing upon the present case and is not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, Defendants contend that any discovery in the Phinney case would result in CHHC having to re-investigate the Phinney case in order to defend the treatment of that child as well as its opinions in that case.  Defendants argue that this would require extraordinary expense and undue expenditure of time and effort.

However, the Court finds that the Plaintiff has demonstrated that the discovery he seeks is reasonably calculated to lead to the discovery of admissible evidence. As such, the court declines to make an early determination of both relevancy at trial and a balancing under Rule 403 of the Federal Rules of Evidence in order to curtail discovery as requested by the Defendants.  The issue of admissibility is left for the trial judge.

### *II. Admissibility of Propensity Evidence Under Rule 404(b)*

Federal Rule of Evidence Rule 404(b) provides that, evidence of other crimes, wrongs, or acts are not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

---

[3] Rule 26(c) provides in pertinent part:
> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; ... (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters....

1    Defendants argue that the documents at issue in this motion are sought for the improper purpose
2 of trying to prove CHHC had a propensity for rendering false medical opinions in order to convict
3 innocent parents of murder in child death cases. However, the requested documents may be admissible
4 for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity,
5 or absence of mistake or accident, and as Defendants aptly point out, admissibility is not the test for
6 discoverability.  Furthermore, the requested information is arguably relevant to Plaintiff's conspiracy
7 allegations and to ascertain what, if any, motive or intent Defendants may have had for implementing
8 the policies, practices or procedures at issue in this case.
9    The essence of Defendants' objections relate to ultimate admissibility at trial.  Those issues must
10 be left for the trial judge to evaluate in context at the time the evidence is offered. The Court finds the
11 information sought to be relevant and discoverable at this stage and nothing more.

### *Conclusion*

13    For the reasons set forth above, Plaintiff's Motion to Compel is hereby GRANTED.  Defendants
14 shall produce all non-privileged documents responsive to Plaintiff's requests on or before May 4, 2007.
15    IT IS SO ORDERED.

17 DATED:  April 13, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court