cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH M. MARSH, | ) | Civil No. 05cv1568 JLS (AJB) |
| Plaintiff, | ) | |
| v. | ) | Order Granting Motion to Compel |
| | ) | [Doc. No. 96] |
| COUNTY OF SAN DIEGO, M.L. MURPHY, M.D., DAVID L. CHADWICK, M.D., ROGER WILLIAMS, M.D., CHILDREN'S HOSPITAL MEDICAL CENTER and DOES 1 to 100, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff brings this motion to compel seeking all records in the possession of Children's Hospital and Health Center ("CHHC") and its Center for Child Protection, which pertain to Punanai Polanco, Douglas Allen Yates, Jr. and Harvey Thomas. Defendants' contend that Plaintiff is not entitled to the requested discovery because the requested records run afoul of privacy interests and the Health Insurance Portability and Accountability Act (HIPAA). The parties submitted letter briefs as this motion is appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). Based upon the moving papers and for the reasons set forth herein, Plaintiff's Motion to Compel is hereby GRANTED.

cal____

## *Background*

The instant action was brought by Plaintiff under 42 U.S.C. § 1983 alleging violations of Plaintiff's Fourth Amendment rights, malicious prosecution under both § 1983 and state law, intentional infliction of emotional distress and violation of state civil rights statutes. Plaintiff was convicted of the murder of Phillip Buell. The complaint in the instant action alleges a conspiracy between Defendants to mislead and distort the medical history of Phillip Buell and to perform his autopsy in a false and deliberate manner to convict Plaintiff. Plaintiff's complaint also alleges that the Defendants improperly influenced the County of San Diego to allow them to perform autopsies and autopsy related services in cases where children's deaths were suspected of having been caused by abuse.

Plaintiff brings this motion to compel seeking all records in the possession of Children's Hospital and Health Center ("CHHC") and its Center for Child Protection, which pertain to Punanai Polanco, Douglas Allen Yates, Jr. and Harvey Thomas, who were admitted to the hospital and died there in November 1983, October 1983 and January 1986, respectively. Punanai Polanco was autopsied at CHHC, which subsequently reported force feeding by her caretaker as the cause of her death. When a second autopsy was performed, it revealed that Punanai had died accidentally and all charges against her parents were dropped. Douglas Allen Yates, Jr. (son of John and Michelle Ferraro) was autopsied at CHHC, which resulted in charges of child abuse and murder being brought against his parents. During the criminal prosecution of John and Michelle Ferraro, the cause of death was determined to be the result of an accidental fall and all charges against the parents were dismissed. Harvey Thomas was transferred to CHHC because he was suffering from symptoms attributable to a congenital defect, but was diagnosed with non-accidental injuries as a result of violent shaking or a fall. The CHHC finding resulted in the removal of the Thomas's other child from the home, and the Thomas's were charged with murder. Subsequent expert testimony showed that the cause of death was the congenital defect and the Thomas's were cleared of all charges. Both the Ferraros and Thomas's brought suit, but each case was dismissed based on the Mandated Reporter Immunity found in Penal Code section 11172(a).

cal____

## *Legal Standard*

### *I. Rule 37 - Motion to Compel*

Federal Rule of Civil Procedure 26(b)(1)[1] states, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." *U.S. ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388, 392 (C.D. Cal 2002)(internal citations omitted).

Federal Rule 37(a)(2)(B), allows the discovering party to move for an order compelling an answer, a designation, or an inspection in accordance with a specific discovery request. Fed. R. Civ. Pro. 37(a)(2)(B). This rule establishes "a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties." *B.F. Goodrich Tire Co. v. Lyster*, 328 F. 2d 411, 415 (5th Cir. 1954). Answers that are evasive or incomplete are treated as a failure to disclose. Fed. R. Civ. Pro. 37(a)(3).

## *Discussion*

At issue in this motion is the balance of the families' privacy against the public interest in disclosure. Defendants' contend that Plaintiff's motion to compel should be denied because the requested documents are protected by: 1) the right to privacy in the confidentiality of one's own medical records, which extends to the family of the decedent; 2) HIPAA regulations which prohibit health care providers from divulging patients' medical records without their consent or a qualified protective order and; 3) The California Confidentiality of Medical Information Act which provides that "[n]o provider of

---

[1] All future references will be to the Federal Rules of Civil Procedure unless otherwise stated.

cal____

health care . . . shall disclose medical information regarding a patient . . . without first obtaining an authorization except . . . by a court pursuant to an order of that court." Cal. Civ. Code §56.10 (2007).

### *I. Balancing of the Family's Privacy and the Public Interest in Disclosure*

The United States Supreme Court has recognized a right of privacy in the confidentiality of medical records and this right has been extended to include privacy rights of the deceased.[2] The right of privacy is balanced against the public interest in disclosure.[3] The party seeking disclosure must show that the public interest is significant and that the information is likely to advance that interest. The relevant factors to be considered in determining the scope of protection to be afforded individual privacy rights includes: 1) the encroachment of the individual's privacy right; 2) whether the encroachment would impact an area that has traditionally been off limits for most regulation; 3) whether the information is available from other sources; 4) the extent to which the privacy rights impinge on the rights of others; and 5) whether the interests of society at large encourage a need for the encroachment. *Pagano v. Oroville Hospital*, 145 F.R.D. at 699.

Alternatively, the public interest requirement may be satisfied when the information sought is necessary to show that responsible officials acted negligently or otherwise improperly in the performance of their duties. *National Archives and Records Administration v. Favish*, 541 U.S. at 173. In the instant case, the Plaintiff is requesting the information to establish a *modus operandi* of falsely claiming child abuse murder when the manner of death was accidental. "The requester must also produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*. at 174. Here, the Plaintiff has produced sufficient evidence to warrant a belief that the impropriety may have occurred. As such, the Plaintiff has demonstrated that a significant public interest exists that outweighs the individual privacy rights of the three deceased children and their families in keeping such records confidential. Furthermore, an individual's privacy rights with regard to

---

[2]*Powell v. United States*, 584 F. Supp. 1508, 1526 (N.D. Cal. 1984). A deceased patient retains a privacy right. Although not raised in the Defendant's brief, the privacy interests of the deceased diminishes with the passage of time.

[3]*Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999); *Pagano v. Oroville Hospital*, 145 F.R.D. 683 (E.D. Cal. 193); *Powell v. United States*, 584 F. Supp. at 1526; *National Archives and Records Administration v. Favish*, 541 U.S. 157 (2004); *Division of Medical Quality, Board of Medical Quality Assurance v. Gherardini*, 93 Cal. App. 3d 669 (1979).

cal

medical records is diminished after death. *Powell*, 584 F.Supp. 1508 at 1526. The parent's privacy rights may be impinged by the disclosure, this is outweighed by the fact that the information can only be obtained through these confidential medical records. *Cox Broadcasting Corp. V. Cohn*, 420 U.S. 469, 474 (1975). While the Defendants contend that the information requested approaches or exceeds the outer boundaries of relevance, the Court does not agree. The Plaintiff has demonstrated that the information sought is reasonably calculated to lead to the discovery of admissible evidence regarding a *modus operandi* of the Defendants and as such, Plaintiff is entitled to the requested discovery.

## *II. HIPAA & California Confidentiality of Medical Information Act*

HIPAA provides that a person may not be denied eligibility for health insurance based on their medical records. It also imposes requirements on the Department of Health and Human Services ("DHHS"), health plans and healthcare providers to protect information. The argument that HIPAA provides for a private right of action has consistently been rejected because the law specifically states that DHHS must pursue enforcement actions, because HIPAA does not provide an individual with a private cause of action.[4] The Plaintiff states, and the court agrees, that HIPAA and the California Confidentiality of Medical Information Act do not present a bar to the release of these records, since such records can be disclosed if compelled by a court order and the use of such records is limited by the protective order in this case.

## *Conclusion*

---

[4] *Acara v. Banks*, 480 F.3d 569 (5th Cir. 2006); *Alexander v. Sandoval*, 532 U.S.275 (2001); *Agee v. United States*, 72 Fed.Cl. 284 (2006); *Walker v. Gerald*, 2006 WL 1997635 (E.D.La. 2006); *Poli v. Monuntain Valley's Health Ctrs., Inc.*, 2006 WL 83378 (E.D.Cal. 2006); *Cassidy v. Nicolo*, 2005 WL 3334523 (W.D.N.Y. 2005); *Johnson v. Quander*, 307 F.Supp.2d 79(D.D.C. 2005); *Univ. Of Colo. Hosp. v. Denver Publishing Company*, 340 F.Supp.2d 1142 (D.Colo.2004); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F.Supp.2d 1176 (D.Wyo.2001); *Means v. Ind. Life & Accident Ins. Co.*, 963 F.Supp. 1131 (M.D.Ala.1997); *Wright v. Combined Ins. Co. of Am.*, 959 F.Supp. 356 (N.D.Miss.1997).

cal____

For the reasons set forth above, Plaintiff's Motion to Compel is hereby GRANTED. Defendants shall produce all non-privileged[5] documents responsive to Plaintiff's requests on or before November 9, 2007.

IT IS SO ORDERED.

DATED:  October 15, 2007

```
                                    _____
                                    Hon. Anthony J. Battaglia
                                    U.S. Magistrate Judge
                                    United States District Court
```

---

[5] Any privilege Defendant's wish to assert that was not covered by this order must be done in compliance with the Federal Rules.